UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| DR. KARYN MESSINA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 03 CV 0011 (RMC) |
| SUSAN FONTANA, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is a motion to dismiss for lack of personal jurisdiction, filed by the defendant, Susan Fontana. The motion originally sought dismissal for failure to state a claim and for lack of personal jurisdiction over Ms. Fontana. On May 8, 2003, this Court denied Ms. Fontana's motion to dismiss for failure to state a claim, but was unable to decide the personal jurisdiction issue on the record before it. The Court ordered the parties to engage in jurisdictional discovery regarding Ms. Fontana's contacts with the District of Columbia. A motion hearing was held on August 25, 2003, at which the Court received evidence and heard testimony from various witnesses. At the conclusion of the hearing, the Court took Ms. Fontana's motion to dismiss for lack of personal jurisdiction under advisement. Upon consideration of the testimony presented, the demeanor of the witnesses, the evidence proffered, and the entire record herein, the Court finds that it lacks personal jurisdiction over Ms. Fontana in her individual capacity. The motion to dismiss will be granted.

## Background

Dr. Karyne Messina,[1] an equal business partner with Susan Fontana in a business venture known as TotallyItalian.com, Inc., has sued Ms. Fontana alleging that Ms. Fontana defamed her through a December 27, 2002, email authored by Ms. Fontana. The complaint alleges that "[t]he words used in correspondence by the defendants constitute libel *per se* in that they are designed to imputing [sic] unfitness to perform and/or the lack of integrity in the performance of the duties of the job that she [sic] was designated to perform for the business enterprise." Complaint ¶ 5.

Ms. Fontana asserts that she does not have the requisite minimum contacts with the District to enable this Court to assert jurisdiction over her under the D.C. long-arm statute. In particular, she asserts that she does not does not solicit or do business in the District on a regular and systematic basis. Dr. Messina disputes this assertion. She contends that Ms. Fontana regularly does business in the District via her involvement with TotallyItalian.com, Inc., their mutual business.

## Legal Standards

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant by alleging specific facts connecting the defendant with the forum. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); *see also Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). In evaluating the plaintiff's allegations the court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Therefore,

---

[1] It appears that Dr. Messina's name was incorrectly spelled as "Karyn" in the caption of her complaint. The Court will use the correct spelling in this decision.

while any questions of fact should be resolved in favor of the plaintiff, the court need not treat all of plaintiff's allegations as true. "Where the parties are permitted to conduct discovery on the jurisdictional issue, a plaintiff must prove that personal jurisdiction exists by a preponderance of the evidence." *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 90 F. Supp. 2d 15, 20 (D.D.C. 2000) (citing *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)).

District of Columbia law controls this Court's exercise of personal jurisdiction over a defendant. *See Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). In evaluating personal jurisdiction, the court must determine whether the terms of the applicable jurisdictional statute are satisfied. In addition, it must also consider whether assertion of jurisdiction comports with the constitutional requirements of due process. *Id*.

## Analysis

A court can assert either general or personal jurisdiction over a defendant. The Court will separately analyze each.

A.   *General Jurisdiction*

Under the law of the District of Columbia, a court can assert general jurisdiction over a defendant "domiciled in, organized under the laws of, or maintaining his or her principal place of business in, the District of Columbia." D.C. CODE § 13-422. Ms. Fontana is domiciled in Maryland. The uncontroverted testimony at the motion hearing demonstrated that her individual principal place of business is her home office in Maryland and that she only occasionally performed consulting work in the District of Columbia for the Joy of Sports Foundation in 1999-2001. Jurisdiction over her cannot be predicated on D.C. CODE § 13-422.

B.    *Specific Jurisdiction*

The statute governing specific personal jurisdiction in the District provides, in relevant part,

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -- (1) transacting any business in the District of Columbia; . . . (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

*Id*. at § 13-423(a).  When proceeding under § 13-423(a), the claim must arise from the acts that create the jurisdictional basis.  *Id*. at § 13-423(b).

The Court has already held that § 13-423(a)(3) is inapplicable because Ms. Fontana has not committed any act in the District on which Dr. Messina's claims rests.  The email in question was sent from Ms. Fontana's computer in Maryland and, therefore, only the alleged injury occurred in the District.  *See McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1300 (D.C. Cir. 1996); *see also Moncrief v. Lexington Herald-Leader Co.*, 897 F.2d 217, 220-21 (D.C. Cir. 1986).  Jurisdiction therefore cannot rest on § 13-423(a)(3).

The Court previously was unable to decide, on the paper record submitted by the parties, whether Ms. Fontana had the requisite contacts in the District to permit jurisdiction based on any other statutory subsection.  Ms. Fontana argues that she does not, stating that she has not transacted any business in D.C. with respect to the pending claims and that she does not individually solicit or do business in the District on a regular and systematic basis.  Dr. Messina counters that these statements are "patently false."  Pltf.'s Opp. at 3.  She states

> Fontana is part owner of a business that operates in the District of Columbia and does business in the District of Columbia.  The headquarters of the business operations

> that the plaintiff and the defendant Fontana are [sic] located in the District of Columbia. The telephone numbers for the business are numbers based in the District of Columbia. Merchandise is ordered from a District of Columbia address and all business transactions originate in the District of Columbia. Thus, the defendant Fontana engages in business in the District of Columbia on a regular and systematic basis. Moreover, she sent E-mails to the District of Columbia to the plaintiff on many occasions that pertain to the operations of their business enterprise.

*Id*.

From the record as a whole, including witness testimony, the Court finds that Ms. Fontana had various contacts with the District of Columbia in her capacity as co-president of TotallyItalian.com, Inc. Ms. Fontana at times used Dr. Messina's home address (4201 Cathedral Avenue, NW, Suite 301 W, Washington, D.C.) to conduct corporate business and, at other times, used her own address (8413 Comanche Court, Bethesda, MD). It is evident from the testimony that Ms. Fontana visited Dr. Messina's Cathedral Avenue residence on numerous occasions to conduct the business of TotallyItalian.com, Inc. Meetings relating to TotallyItalian.com were also held at Ms. Fontana's residence in Maryland, as well as at other locations. Ms. Fontana also made phone calls into the District and sent emails into the District in conducting the business of TotallyItalian.com. In short, the contacts that Dr. Messina has demonstrated relate to the formation of the corporation in October 2000, and its subsequent business operations.[2]

Crediting Dr. Messina's allegations regarding Ms. Fontana's contacts with the District, the Court finds that Dr. Messina has not presented evidence showing that Ms. Fontana "transact[s] any business in the District of Columbia" or "does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services

---

[2] As noted above, Ms. Fontana performed some consulting work in the District between 1999 and 2001. These limited contacts are insufficient to show a persistent course of conduct that would permit jurisdiction concerning Dr. Messina's claims under D.C. CODE § 13-423(a)(4).

rendered, in the District of Columbia" in Ms. Fontana's *individual* capacity.  Personal jurisdiction over an individual cannot be predicated on the actions of a business or on the individual acting on behalf of a business.  "Personal jurisdiction over the employees or officers of a corporation in their individual capacity must be based on their personal contacts with the forum and not their acts and contacts carried out solely in a corporate capacity."  *Richard v. Bell Atl. Corp.*, 946 F. Supp 54, 73-73 (D.D.C. 1996) (quoting *Wiggins v. Equifax Inc.*, 853 F. Supp. 500, 503 (D.D.C. 1994)); *see also Overseas Partners, Inc.*, 15 F. Supp. 2d 47, 51 (D.D.C. 1998); *Richard v. Bell Atl. Corp.*, 976 F. Supp. 40, 50 (D.D.C. 1997).  "When there are no allegations that a nonresident defendant's contacts with a jurisdiction were for the purpose of transacting business as an individual, but rather were only to perpetuate a corporation's business, that defendant cannot be sued individually under the 'transacting business' prong of the long-arm statute."  *Quinto v. Legal Times of Washington, Inc.*, 506 F. Supp. 554, 558 (D.D.C. 1981).

When an individual "'has derived a direct and substantial financial benefit from the business [s]he conducts in the state'" on behalf of a corporation, the fact that she is acting solely in a corporate capacity may not shield her from suit in a forum.  *Am. Directory Servs. Agency v. Beam*, 131 F.R.D. 635, 644 (D.D.C. 1990) (quoting *Zerman v. Lotus Heart, Inc.*, 717 F. Supp. 373, 377 (D. Md. 1989)).  In the instant case, however, Ms. Fontana has testified without contradiction that she never received any salary, dividends, or any form of compensation from TotallyItalian.com.  As such, this exception is inapplicable.

### Conclusion

Dr. Messina has not established that this Court has either general or specific personal jurisdiction over Ms. Fontana.  In particular, Dr. Messina has not shown that Ms. Fontana

*individually* transacts business in the District of Columbia, nor that she *individually* "regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. CODE § 13-423(a). The motion to dismiss for lack of personal jurisdiction will therefore be granted.[3] A separate Order accompanies this Memorandum Opinion.

Dated: August 12, 2004                         /s/
                                               ROSEMARY M. COLLYER
                                               United States District Judge

---

[3] It may be appropriate to transfer this case to the District Court in Maryland pursuant to 28 U.S.C. § 1406(a). Dr. Messina did not request such a transfer in response to the motion to dismiss, and the Court hesitates to order it *sua sponte*. Should Dr. Messina desire such a transfer, she can request reconsideration of the dismissal of her case in a motion filed pursuant to FED. R. CIV. P. 59 or 60.